Hucless v. Childrey.

---

## HUCLESS v. CHILDREY.

The head-note for this case will be found on page 664, *ante.*

MR. JUSTICE BRADLEY, continuing, stated the case as follows:

The next case which we shall consider is that of *Hucless* v. *Childrey*, which was an action of trespass on the case, brought in the Circuit Court of the United States for the Eastern District of Virginia, by Hucless, a citizen of the State of Virginia, residing in Richmond, against Childrey, the treasurer of Richmond, and, as such, collector of taxes and license taxes due to the State, to recover damages for the refusal of the said Childrey to receive tax-receivable coupons in payment or part payment of a license tax payable for a license to sell by retail wine, spirits and other intoxicating liquors, whereby the plaintiff was prevented from pursuing the said business (which was a lawful business), and sustained damage by reason thereof to the extent of six thousand dollars.  The declaration stated in substance that the plaintiff desired and intended to open and conduct the business aforesaid at 405 West Leigh Street, in said city of Richmond, for one year from the first of May, 1889; that he was a fit person, and intended to keep an orderly house, and that the place was suitable, convenient and appropriate for that purpose; that by the statute law of Virginia a person desiring and intending to conduct such business must apply to the commissioner of revenue for the city on county for a license therefor, who shall ascertain the amount to be paid and give the applicant a certificate specifying the same, and such person shall make a deposit therefor with the treasurer or collecting officer of the city or county, of the amount so ascertained, and shall take from him a receipt for such deposit endorsed on the certificate, or otherwise, he shall deposit with the treasurer the amount of tax assessed by law

for the license tax on said business.  Thereupon he shall make application in writing for a license for such business to the commissioner of the revenue for such city or county, accompanied by said certificate, and the person so desiring to conduct said business is forbidden by said statutes to conduct the same until he has appeared before the judge of the corporation or county court, and has proved that he has made such deposit and is a fit person to conduct such business, etc.; that the license tax imposed by the laws of Virginia to be paid for the business of selling, by retail, for one year, wine, ardent spirits, malt liquors or any of them, in cities of more than one thousand inhabitants, is $125; that on the 3d of May, 1889, plaintiff applied to the commissioner of revenue of Richmond to ascertain the amount to be paid by him as his license tax for selling by retail as aforesaid, and the commissioner gave to him a certificate specifying the same as $125; that on the same day the plaintiff presented said certificate to Childrey, the defendant, treasurer, as aforesaid, and tendered to him, in payment of said license tax, $123 in coupons and two dollars in lawful money, and demanded a receipt stating that he had deposited with him $125 in said coupons and money; that Childrey refused to receive said coupons and money, and refused to give plaintiff said receipt; that each of said coupons was cut from a bond issued by the State of Virginia under the act of March 30, 1871, and each bore upon its face the contract of the State that it would be received in payment of all taxes, debts, dues and demands due to the State; that thereafter, on the 3d day of May, 1889, the plaintiff stated to said Childrey that he desired and intended to conduct the business aforesaid at 405 West Leigh Street, and then tendered to him in payment of the license tax due to the State on said business for one year $123 in coupons and $2.75 in lawful money, and demanded of him a certificate of such deposit, but Childrey refused to receive said coupons and money, and refused to give such certificate, and refused to receive said coupons and money in both cases, because sections 399, 536 and 538 of the Code of Virginia of 1887 forbade him to receive them; and the plaintiff averred that said sections are repugnant to section 10,

article 1 of the Constitution of the United States, which the said Childrey well knew; that he, Childrey, obeyed the command of said sections and declined to follow the mandate of the Constitution; that by force of the statute law of Virginia the plaintiff would have been liable to indictment and severe penalties if he had proceeded to open and conduct his said business before he had satisfied the judge of the corporation or the hustings court of the city of Richmond that he was a fit person to conduct said business, that he would keep an orderly house and that the place was a suitable one; and that the plaintiff could not apply to said court to enter on said inquiries until he presented to said court a receipt from said Childrey for said deposit endorsed on the certificate furnished by the commissioner of the revenue, or the certificate of the commissioner endorsed on the receipt of said Childrey.

To this declaration the defendant filed a demurrer, which was sustained by the Circuit Court and judgment rendered for the defendant, which judgment is brought here for review.

*Mr. William L. Royall* for plaintiff in error.

It is freely conceded that the State may, in her discretion, absolutely abolish the sale of spirituous liquors or prescribe on what terms they shall be sold. That is part of the police power intended for the protection of society. But the State of Virginia does not prohibit its sale. She encourages its sale. She evidently thinks the sale of liquor a practice beneficial to the health and morals of her citizens, and she endeavors to extract from its sale all the revenue that the business will bear.

Whilst she may do what she pleases looking to a regulation of its sale, yet, when she undertakes to raise revenue from its sale, that revenue is as much payable in her coupons as any other revenue; as they are to be received in payment of "all taxes, debts, demands and dues due the State."

*Mr. R. A. Ayers*, Attorney General of the State of Virginia, and *Mr. J. Randolph Tucker* for defendant in error.

MR. JUSTICE BRADLEY, continuing, delivered the opinion of the court.

The law under which the treasurer justified his action in refusing to receive the coupons tendered by the plaintiff is set forth in the declaration with sufficient accuracy and fulness for the disposal of the case, except that it should be added that the license fee to be deposited with the treasurer was required to be in lawful money of the United States as a condition precedent to the granting of the license.

We are of opinion that the requirement that the license fee shall be paid in lawful money of the United States does not, as contended, impair the obligation of the contract made by the State with the holders of the coupons referred to. Licenses for the sale of intoxicating liquors are not only imposed for the purpose of raising revenue, but also for the purpose of regulating the traffic and consumption of these articles, and hence the State may impose such conditions for conducting said traffic as it may deem most for the public good. Instead of a license fee of $125 it might have imposed a license fee of $250, or any other amount, or it might have prohibited the sale of intoxicating liquors altogether, as is admitted by the counsel for the plaintiff in their brief. They concede that the State might, in her discretion, absolutely abolish the sale of spirituous liquors, or prescribe on what terms they shall be sold. In this view, there does not seem to be any violation of the obligation of the State in requiring the tax which is imposed to be paid in any manner whatever — in gold, in silver, in bank notes or in diamonds. The manner of payment is part of the condition of the license intended as a regulation of the traffic. It would be very different if the business sought to be followed was one of the ordinary pursuits of life, in which all persons are entitled to engage. License taxes imposed upon such pursuits and professions are imposed purely for the purpose of revenue, and not for the purpose of regulating the traffic or the pursuit. For these considerations we are clearly of opinion that

*The judgment of the Circuit Court was right, and it is, therefore, affirmed.*